UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMARA TALLMADGE,
    Plaintiff,

vs.                                                                  Case No.: 3:19cv71/LAC/EMT

ANDREW SAUL,
Commissioner of Social Security,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

This case is before the court upon "Plaintiff's Affidavit and Assignment of EAJA Fee" (ECF No. 18 at 1–2), "Affidavit of Time Expended" (*id*. at 3–5), "Affidavit of Plaintiff's Attorney's Costs Incurred" (*id*. at 6–7), and "Affidavit of Plaintiff's Attorney on Request for Approval of Fee," together which the court will construe as a motion for attorney fees under the Equal Access to Justice Act "EAJA." Plaintiff's Attorney (hereinafter "Petitioner") seeks an award of EAJA fees in the total amount of $6,822.90, as well as filing fee costs in the amount of $400.00, for a total award in the amount of $7,222.90 (ECF No. 18). Although Petitioner failed to comply with the consultation and certification requirements of Rules 7.1(B) and

(C) of the local rules of this court originally (*see* ECF No. 18), he has since complied with these requirements in a recently filed Motion for Reconsideration (ECF No. 20). Petitioner now states the Commissioner has no objection to an EAJA award or to the amount Petitioner seeks (ECF No. 20-1 at 9).

Eligibility for Award of Fees, Expenses, and Costs

Subsection (d) of Title 28 U.S.C. § 2412 allows for the award of attorney fees and other expenses, in addition to any costs awarded under subsection (a), provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

Additionally, "[f]ees of the clerk" may be "tax[ed] as costs." 28 U.S.C. § 1920(1). Section 2412 directs that the "costs pursuant to subsection (a)" are paid by the Secretary of the United States Treasury. 28 U.S.C. § 2412(c)(1) (indicating

that these costs are "paid as provided in section[] 2414"); *id.* § 2414 (stating that payment of final judgments must "be made on settlements by the Secretary of the Treasury").

In this case, Plaintiff clearly is the prevailing party, as she obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) (ECF Nos. 15–17). *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that social security plaintiff who obtained remand, as did Plaintiff in this case, was the prevailing party and as such was entitled to attorney fees and expenses under the EAJA). Moreover, Plaintiff contends (ECF No. 18 at 9), and the Commissioner has not disputed, that her net worth did not exceed two million dollars at that time she initiated this action. Additionally, the instant motion is timely.[1] Finally, the court concludes that no special circumstances make an award unjust, especially considering that the Commissioner has asserted no argument to the contrary. Accordingly, an award of fees is appropriate.

---

[1] The court entered its order reversing and remanding this cause on March 2, 2020, and the clerk entered judgment the same day (ECF Nos. 16–17). As the Commissioner has sixty days within which to file an appeal of the court's decision, a judgment typically becomes final after sixty days, and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also Shalala v. Schaefer*, 509 U.S. at 297–98 (discussing timeliness of EAJA application); *Myers v. Sullivan*, 916 F.2d 659, 667–72 (11th Cir. 1990) (same). The instant motion for EAJA fees, filed on May 19, 2020, was within ninety days of the court's judgment and thus was timely filed.

- <u>Amount of Fees</u>

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, Petitioner seeks an award under the EAJA based upon an hourly rate of $206.13 for work he performed on Plaintiff's behalf in representing her before this court, evidently in 2018 and 2019 (*see* ECF No. 18 & 3–5; ECF No. 20-1 at 13). Petitioner explains that the higher hourly rate is based on changes in the Consumer Price Index (*see generally* ECF No. 20).   The undersigned concludes that the rate requested is reasonable.   *See, e.g.*, *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based upon an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to

value.'") (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Last, the undersigned finds the total hours expended by Petitioner on Plaintiff's behalf, 33.1 (*see* ECF No. 18 at 5–11), to be reasonable. Accordingly, a fee award in the total amount of $6,822.90 (33.1 x $206.13) is appropriate, plus costs in the amount of $400.00.

- <u>Whether the Award is Payable to Plaintiff or Petitioner</u>

The remaining question concerns to whom the EAJA award is payable. In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. *Ratliff*, 560 U.S. at 596.[2] The award in this case is therefore properly payable to Plaintiff, as the "prevailing litigant," assuming an

---

[2] In *Ratliff*, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff appears to have done in the instant case (*see* ECF No. 18 at 1–2).

Page **6** of **7**

award remains after any qualifying debts have been satisfied. The court will recommend, however, that any award be mailed to Petitioner's office so that Petitioner and Plaintiff may mutually implement their fee agreement without this court's involvement.

Accordingly, it is **ORDERED** that:

1. The motion for reconsideration (ECF No. 20) is **GRANTED** to the extent this Order and Report and Recommendation has issued.

And it is respectfully **RECOMMENDED** that:

Plaintiff's construed Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 18) be **GRANTED** as follows:

1. Plaintiff is awarded fees in the amount of $6,822.90 for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA). The fee award is subject to an offset to satisfy any qualifying outstanding debt that Plaintiff may owe to the United States.

2. Costs in the amount of $400.00 are also awarded to Plaintiff, to be paid from the Judgment Fund administered by the United States Treasury.

Case No. 3:19cv71/LAC/EMT

3.      If Plaintiff receives all or any portion of the EAJA fee award, it must be mailed to her in care of her attorney, Robert Ian MacLaren, III, Soloway Law Firm, 1013 Airport Blvd., Pensacola, FL 32504.

At Pensacola, Florida, this 30th day of July 2020.


/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.